

the work and family legal center

Headquarters
250 West 55th Street, 17th Floor
New York, NY 10019
tel: 212.430.5982

DC Office
815 16th Street NW, Suite 4162
Washington, DC 20005

Southern Office
701 Bradford Ave.
Nashville, TN 37204
tel: 615.915.2417

Colorado Office
303 E. 17th Ave., Suite 400
Denver, CO 80203

abetterbalance.org | info@abetterbalance.org

October 18, 2024

**VIA ECF:**
The Honorable Kenneth M. Karas
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re: *Christina Medina v. AAM 15 Management, LLC*, No. 21-CV-7492 (KMK)

Dear Judge Karas:

    We represent Plaintiff Christina Medina. We write pursuant to the Court's Individual Rules of Practice II(A) to request a pre-motion conference regarding a motion Ms. Medina intends to file seeking amendment of the Court's September 26, 2024 Opinion and Order (Dkt. 53) ("the Order") to permit prompt appeal of that portion of the Order granting Defendant's motion to dismiss. Specifically, Ms. Medina intends to ask the Court to amend the Order to: (A) enter final judgment under Fed. R. Civ. P. 54(b) as to her claim that she was retaliated against for requesting reasonable accommodations in violation of N.Y. Exec. L. § 296(7) ("NYSHRL"), which the Order dismissed on the ground that an accommodation request is not protected activity under the NYSHRL; or (B) in the alternative, certify interlocutory appeal under 28 U.S.C. § 1292(b) of the question: Does requesting a reasonable accommodation constitute protected activity for purposes of a retaliation claim under the NYSHRL?

    Prompt resolution of this question by the Second Circuit (and, if it chooses to certify, the New York State Court of Appeals) will allow the parties and the Court to enter discovery with clarity regarding the full scope of Plaintiff's legal claims, and so avoid conducting two rounds of discovery, pre-trial motion practice, and jury trial should the Second Circuit ultimately reach an alternate interpretation of the NYSHRL. It will also advance broader judicial efficiency interests by resolving, once and for all, an important legal question that has troubled district courts in this circuit for decades.

**A. The Court Should Enter Final Judgment on Plaintiff's Claim That Defendant Violated the NYSHRL by Retaliating Against Her Due to Her Accommodation Requests.**

    Fed. R. Civ. P. 54(b) authorizes district courts to direct entry of final judgment where "(1) multiple claims . . . [are] present, (2) at least one claim . . . [is] finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court . . . make[s] 'an express determination that there is no just reason for delay.'" *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). "If the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim, then the decision is final." *Id.* at 1092 (citation omitted). Here, Ms. Medina brought multiple claims against Defendant, and the Order ended litigation on one of them: It dismissed the retaliation claim rooted in her requests for reasonable accommodations, on the grounds that such requests are not, as a matter of law, protected activity under the NYSHRL. Dkt. 53 at 24.

A court must also certify that "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Second Circuit has cautioned that, although not routine, such certifications should no longer be considered "exceptional," "extraordinary," or reserved for the "infrequent harsh case." *Ginett*, 962 F.2d at 1095. Rather, "[t]he proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Relevant factors include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

Here, the dismissed and remaining claims are separable. Whether an accommodation request is a protected activity under the NYSHRL is a pure legal question wholly independent of the remaining issues, namely whether Defendant failed to accommodate Ms. Medina, discriminated against her because of her protected status, or fired her for filing an EEOC charge. And allowing the Second Circuit to decide that question now will create no risk that it will have to address it twice. Nor will it require the Second Circuit to familiarize itself with the facts of the case, which have no bearing on the answer to this pure question of law.

Indeed, because Ms. Medina *will* appeal this issue—if not now, then after final disposition of her remaining claims—appellate resolution of the question now will conserve judicial resources by allowing the parties to conduct discovery into, and the Court to adjudicate, all the claims at once. By contrast, if Ms. Medina were to prevail on appeal later, and this additional claim were to be reinstated, that change would significantly expand the scope of discovery, permitting Ms. Medina to probe evidence that her accommodation requests motivated the adverse actions at issue, and forcing the Court and parties to engage in a second round of document discovery, depositions, pre-trial motion practice, and, potentially, trial in order to dispose of this solitary claim. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997) ("If the . . . claims are to be reinstated, it plainly will be more efficient for that reinstatement to occur in time for trial of . . . [all the] claims together, for . . . only one jury, rather than two.").

Notably, the likelihood that the Second Circuit restores the claim and concludes that an accommodation request is protected activity is substantial. In the Order, this Court deferred to the decisions of the intermediate appellate New York State courts—reasonably so, given comity principles. But the Second Circuit, which may directly certify the question to the New York Court of Appeals, will not be so bound. Given that the intermediate state court decisions provide no reasoning for their conclusion that accommodation requests are not protected activity, and that this conclusion contravenes the plain purpose of the NYSHRL, it is likely the Second Circuit and Court of Appeals would, upon consideration, reach a different conclusion. *See Scorsonelli v. Madison Dentistry, P.C.*, No. 18-cv-4269 (JMF), 2019 WL 6032787, at *1 n.1 (S.D.N.Y. Nov. 14, 2019) ("There is reason to doubt the soundness of these [state court] decisions."); *see also Mejia v. City of New York*, No. 17-cv-2696 (NGG) (JO), 2020 WL 2837008, at *13 n.14 (E.D.N.Y. May 30, 2020) (same).

A final consideration factors in favor of certification. The legal question at issue is "of public import," *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 419 (2d Cir. 1989), and resolving it without delay would reduce judicial inefficiencies throughout the circuit. The NYSHRL is a heavily litigated statute and the question at issue a recurring and significant one that has for years evaded Second Circuit and Court of Appeals review. Dkt. 53 at 18, 22 (summarizing some of the dozens of cases where the question has arisen); Dkt. 47 at 7–8 (same). Allowing these higher courts the opportunity to finally resolve the question will benefit courts and litigants throughout this district and its sister districts. There is no reason to delay.

2

### B. In the Alternative, the Court Should Certify a 28 U.S.C. § 1292(b) Interlocutory Appeal.

If the Court declines to enter final judgment under Fed. R. Civ. P. 54(b), the Court should, in the alternative, certify the Order for interlocutory appeal because it "involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and . . . [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although certification lies within a district court's discretion, "[w]hen a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)).

Here, the Order satisfies each of the criteria and turns on interpretation of a major state statute whose resolution by the Second Circuit (or New York Court of Appeals) will have significant precedential effect. First, the Order involves a controlling question of law, in that "reversal of the district court's order 'could significantly affect the conduct of the action' or . . . ha[ve] precedential value for a large number of cases,'" as described above. *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385, 389 (S.D.N.Y. 2020), *aff'd*, 12 F.4th 135 (2d Cir. 2021). Further, the question at issue— whether an accommodation request constitutes a protected activity—is "a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).

Second, there is substantial ground for difference of opinion, "[g]iven the absence of controlling authority, as well as the novelty and complexity of the issue." *In re Actos End-Payor Antitrust Litig.*, No. 13-cv-9244, 2020 WL 433710, at *2 (S.D.N.Y. Jan. 28, 2020), *aff'd*, 11 F.4th 118 (2d Cir. 2021). As the Order recognized, there is "conflicting authority on the issue" and the issue would be "of first impression for the Second Circuit." *Tantaros*, 465 F. Supp. 3d at 391.

Third, absent interlocutory appeal, Ms. Medina will seek post-judgment appeal of the determination that an accommodation request is not protected activity. Reversal at that stage—two or more years from now—will require re-opening years-old depositions, searching again for responsive documents, re-briefing and re-deciding pre-trial motions, and potentially empaneling a new jury for a second trial, all on an important legal question of first impression that is ready for Second Circuit consideration now. Congress passed § 1292(b) precisely "to avoid protracted litigation . . . [and] to assure the prompt resolution of knotty legal problems." *Weber v. U.S.*, 484 F.3d 154, 159 (2d Cir. 2007). Resolving the legal question now will advance the case more quickly to its conclusion.

We are now at an early stage of this litigation. Discovery has not yet begun. We have a pure question of law, of first impression for the Second Circuit (and Court of Appeals), requiring no knowledge of the facts of the case. And it is "a question of broad applicability that is of considerable importance to the bench and bar in the State of New York." *Romea v. Heiberger & Assocs.*, 988 F. Supp. 715, 717 (S.D.N.Y. 1998). There is genuine need to resolve the question, for the benefit of courts, litigants, employers, and employees alike. The Court should enter final judgment on the dismissed claim or, in the alternative, certify interlocutory appeal.

Defendant is to respond to this letter by 10/25/24.

Respectfully submitted,

/s/ Dana Bolger
Dana Bolger (dbolger@abetterbalance.org)

So Ordered.
10/21/24

3