UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINA MEDINA,

                              Plaintiff,

    v.

AAM 15 MANAGEMENT LLC,

                              Defendant.

No. 21-CV-7492 (KMK)

OPINION & ORDER

---

Appearances:

Katherine A. Greenberg, Esq.
A Better Balance
New York, NY
*Counsel for Plaintiff*

Carolyn Wheeler, Esq.
Dana V. Bolger, Esq.
Katz Banks Kumin, LLP
Washington, DC; New York, NY
*Counsel for Plaintiff*

Nicholas A. Corsano, Esq.
Kelly Pesce, Esq.
Greenberg Traurig, LLP
New York, NY; Boston, MA
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

    Plaintiff Christina Medina ("Plaintiff") brings this Action against AAM 15 Management, LLC ("Defendant"), alleging a variety of violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* (the "NYSHRL"). (*See generally* Second Am. Compl. ("SAC") (Dkt.

No. 40).)[1]  Specifically, Plaintiff alleges, among other things, that Defendant discriminated against her on the basis of her status as a pregnant woman while she was an employee at two of Defendant's hotels.  (*See id.* ¶¶ 73–88.)  Before the Court is Plaintiff's Motion for Entry of Partial Judgment, pursuant to Federal Rule of Civil Procedure 54(b), or certification for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) (the "Motion").  (*See* Not. of Mot. (Dkt. No. 62).)  For the following reasons, Plaintiff's Motion is denied.

## I.  Background

### A.  Factual Background

The Court assumes the Parties' familiarity with the factual and procedural background described in its prior opinions.  *See generally Medina v. AAM 15 Mgmt. LLC* ("*Medina II*"), 750 F. Supp. 3d 332 (S.D.N.Y. 2024); *Medina v. AAM 15 Mgmt., LLC* ("*Medina I*"), No. 21-CV-7492, 2023 WL 2648299 (S.D.N.Y. Mar. 27, 2023).  In short, Defendant is a private equity investment and management company that operates hotels, including a Courtyard by Marriott located in Yonkers, NY, as well as a Residence Inn by Marriott, also located in Yonkers, NY (the "Hotels").  (SAC ¶ 16.)  Plaintiff—a front desk agent at the Hotels—learned that she was pregnant in 2019.  (*Id.* ¶¶ 21, 27.)  She emailed Defendant's Human Resources Director Kelly Correia to inform her that she was pregnant and requested job-protected time off to recover from childbirth.  (*Id.* ¶¶ 30–31.)  On March 17, 2020, Defendant laid Plaintiff off in light of the COVID-19 pandemic.  (*Id.* ¶ 44.)  Plaintiff alleges that there was high turnover among front desk agents during this time period, and thus many staff members were recalled or newly hired to work as front desk agents.  (*See id.* ¶ 65.)  However, Defendant did not recall Plaintiff, and none

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page it cites from the record.

of the front desk agents who were recalled or hired to replace Plaintiff was pregnant or recently postpartum.  (*Id.* ¶ 66.)

### B.  Procedural History

On September 26, 2024, the Court dismissed Plaintiff's NYSHRL retaliation claim.  *See Medina II*, 750 F. Supp. 3d at 350.  On November 18, 2024, Plaintiff filed the instant Motion.  (Pl's Mem. of Law in Supp. ("Pl's Mem.") (Dkt. No. 63).)  On December 9, 2024, Defendant filed its Opposition.  (Def's Opp. to Mot. ("Def's Opp.") (Dkt. No. 65).)  On December 23, 2024, Plaintiff filed her Reply.  (Pl's Reply (Dkt. No. 67).)

## II.  Discussion

### A.  Rule 54(b)

#### 1.  Relevant Law

"Rule 54(b) 'provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated.'"  *L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 317 (S.D.N.Y. 2013) (quoting *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024–25 (2d Cir. 1992)).  Specifically, Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

> As explained by the Second Circuit, "Rule 54(b) authorizes a district court to enter partial final judgment when three requirements have been satisfied:  (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action."

3

*Timperio v. Bronx-Lebanon Hosp. Ctr.*, No. 18-CV-1804, 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018)). "Even when the first two factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055, 2004 WL 541842, at *4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005). This is because "the mere separability of a claim does not warrant Rule 54(b) certification." *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "Even when a claim is separable, the just reasons for delay inquiry requires a balancing of judicial administrative interests and the equities involved." *Id.* (citing *I.L.T.A., Inc. v. United Airlines, Inc.*, 739 F.2d 82, 84 (2d Cir. 1984)); *see also Danaher Corp. v. The Travelers Indem. Co.*, No. 10-CV-121, 2016 WL 1255739, at *2 (S.D.N.Y. Mar. 30, 2016) ("[N]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." (quoting *S.E.C. v. Frohling*, 614 F. App'x 14, 17 (2d Cir. 2015))).

"The Second Circuit has cautioned that Rule 54(b) motions should be granted 'only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal . . . .'" *Timperio*, 2020 WL 9211177, at *2 (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)). Entry of partial judgment may be appropriate, "for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.* (quoting *Advanced Magnetics*, 106 F.3d at 16). "Importantly, Rule

54(b) is to be invoked 'sparingly,'" *L-7 Designs*, 964 F. Supp. 2d at 317 (quoting *Hogan*, 961 F.2d at 1025), as "federal policy generally disfavors piecemeal appellate litigation," *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992) (quotation marks omitted); *see also O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 40–41 (2d Cir. 2003) ("Rule 54(b) . . . should be used only in the infrequent harsh case . . ., i.e., certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." (italics and quotation marks omitted)).

### 2. Application

Plaintiff argues that final judgment should be entered to allow appeal on the issue of whether an accommodation request is a protected activity under the NYSHRL because "there is no just reason to delay entry of judgment." (Pl's Mem. 11.)

The first two 54(b) factors are met. There are multiple claims in this Action, and the Court has dismissed Plaintiff's NYSHRL retaliation claim. *See Medina II*, 750 F. Supp. 3d at 350. But, as noted, "[e]ven when the first two [54(b)] factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lara-Grimaldi v. County of Putnam*, No. 17-CV-622, 2022 WL 736427, at *2 (S.D.N.Y. Mar. 11, 2022) (quoting *Lankler Siffert & Wohl*, 2004 WL 541842, at *4)). Plaintiff argues that partial final judgment is warranted because: (1) the dismissed claim is separable from the remaining claims, (Pl's Mem. 11); (2) "a late-stage reversal would force this Court and the parties to engage in a second round of document discovery, depositions, pre-trial motion practice, and, potentially, trial," (*id.* at 13); (3) a reversal at the Second Circuit is likely because that court can "certify the question to the New York Court of Appeals," unlike this Court, which is bound by New York's intermediate appellate courts, (*id.* at 13); and (4) the legal question is of public import because the "NYSHRL

is a heavily litigated statute," so settling the question would conserve judicial resources in the circuit, (*id.* at 18–19.)

Even if, arguendo, Plaintiff prevails on the first and third arguments, the Court is unpersuaded. Regarding Plaintiff's second argument, "the desire to 'to avoid a second trial . . . is one [that the Second Circuit] ha[s] explicitly rejected' as a basis for entry of a partial judgment.'" *FAT Brands v. PPMT Cap. Advisors, Ltd.*, No. 19-CV-10497, 2021 WL 1392849, at *3 (S.D.N.Y. Apr. 13, 2021) (quoting *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 (2d Cir. 2006) (summary order)); *see also Jeffery v. City of New York*, No. 20-CV-2843, 2022 WL 2704760, at *4 (E.D.N.Y. July 12, 2022) (collecting cases) ("Courts in the Second Circuit regularly conclude that the possibility that reversal will result in additional, and potentially duplicative, discovery and trial costs does not justify an entry of partial final judgment pursuant to Rule 54(b)."). Moreover, "unnecessary discovery and trial costs . . . 'are inherent in every denial of Rule 54(b) certification, and hardly rise to the level of hardships that warrant immediate appeal.'" *Negrete v. Citibank, N.A.*, No. 15-CV-7250, 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) (emphasis omitted) (quoting *TADCO Const. Grp. Corp. v. Dormitory Auth. of N.Y.*, No. 08-CV-73, 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012)); *see also FAT Brands Inc.*, 2021 WL 1392849, at *3 (same).

The fourth argument is unavailing because "[s]peculation about the importance of an appeal on a legal issue cannot serve as sufficient ground to warrant a Rule 54(b) certification[.]" *Krandle v. United States*, No. 22-CV-4977, 2025 WL 674328, at *3 (S.D.N.Y. Mar. 3, 2025) (internal quotation marks and citation omitted) (quoting *In re Vivendi Universal, S.A., Sec. Litig.*, No. 02-CV-5571, 2012 WL 362028, at *3 (S.D.N.Y. Feb. 6, 2012)), *appeal pending*, No. 25-766 (2d Cir. Apr. 3, 2025).

Plaintiff has not "articulate[d] 'any unusual hardship' or injustice [that] [she], or any other party, would endure if required 'to await, in accordance with normal federal practice, the disposition of the entire case before obtaining'" a final judgment. *City of New York v. Milhelm Attea & Bros., Inc.*, No. 06-CV-3620, 2012 WL 4959502, at *3 (E.D.N.Y. Oct. 17, 2012) (quoting *Hogan*, 961 F.2d at 1025). Plaintiff's interest in swiftly litigating this issue before the Second Circuit is not enough to impose a level of hardship that must be "alleviated by immediate appeal." *Timperio*, 2020 WL 9211177, at *2. Accordingly, Plaintiff's Rule 54(b) Motion is denied.

    B. Section 1292(b) Interlocutory Appeal

        1. Relevant Law

"Interlocutory orders that are otherwise non-appealable may be reviewed under [§] 1292(b) if the district court is of the opinion that such an order [1] involves a controlling question of law [2] as to which there is a substantial ground for a difference of opinion and [3] that immediate appeal could materially advance the ultimate termination of the litigation." *McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 764 (2d Cir. 1988); *see also Orthodox Jewish Coal. of Chestnut Ridge v. Vill. of Chestnut Ridge, New York*, No. 19-CV-43, 2021 WL 6127049, at *8 (S.D.N.Y. Dec. 28, 2021) ("Section 1292(b) provides that a district court may certify an immediate appeal of an interlocutory order if the court is 'of the opinion that such order involves a controlling question of law as to which there is substantial ground of difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" (quoting 28 U.S.C. § 1292(b))). "The party seeking interlocutory appeal has the burden to establish all three [§] 1292(b) factors." *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021).

But "even when the elements of [§] 1292 are satisfied, the district court retains unfettered discretion to deny certification," *Belya v. Kapral*, No. 20-CV-6597, 2021 WL 2809604, at *1 (S.D.N.Y. July 6, 2021) (quoting *Garber v. Off. of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014)), as "interlocutory appeals are presumptively disfavored," *Quartararo*, 521 F. Supp. 3d at 265 (quoting *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018)); *see also Koehler v. Bank of Bermuda*, 101 F.3d 863, 865 (2d Cir. 1996) ("[A]lthough [§ 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."); *Lanzillotta v. GEICO Emps. Ins. Co.*, No. 19-CV-1465, 2021 WL 2381905, at *2 (E.D.N.Y. June 10, 2021) ("Certification for interlocutory appeal is not intended as a vehicle to provide early review of difficult rulings in hard cases." (quotation marks omitted)).  Accordingly, "only 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (alterations omitted) (quoting *Klinghoffer*, 921 F.2d at 25)).  Should the district court certify an order for interlocutory appeal pursuant to § 1292(b), "the Court of Appeals may either accept or reject the interlocutory appeal at its own discretion." *Leacock v. Nassau Health Care Corp.*, No. 08-CV-2401, 2016 WL 11491343, at *1 (E.D.N.Y. Mar. 3, 2016) (citing 28 U.S.C. § 1292(b)).

2. Analysis

Starting with the second element, it favors certification.  "A substantial ground for difference of opinion exists when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539 (S.D.N.Y. 2014) (quoting *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. Dec. 31, 2013)).  New York state intermediate appellate courts have held that a request for reasonable accommodation is not a protected activity under the NYSHRL.  *See Witchard v. Montefiore Med. Ctr.*, 960 N.Y.S.2d 402, 403–04 (App. Div. 2013) ("Under [the NYSHRL], a request for reasonable accommodation is not a protected activity for purposes of a retaliation claim." (citing *McKenzie v. Meridian Cap. Grp., LLC*, 829 N.Y.S.2d 129, 131 (App. Div. 2006))); *D'Amico v. City of New York*, 73 N.Y.S.3d 540, 541 (App. Div. 2018) (holding that the "plaintiff's request for a reasonable accommodation . . . [does not] constitute[] protected activit[y] for purposes of the [NYSHRL]"); *cf. Serdans v. N.Y. & Presbyterian Hosp.*, 977 N.Y.S.2d 196, 198 (App. Div. 2013) ("[The p]laintiff's complaint about [the] defendant's alleged failure to implement the parties' agreement to accommodate her disability (*as distinct from her initial request for an accommodation*) does constitute a protected activity for purposes of her [NYSHRL] claim[] of retaliation." (emphasis added)).

Because New York state's highest court has not opined on this issue, federal courts are "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010); *Barnes v. Uzu*, No. 20-CV-5885, 2022 WL 784036, at *9 (S.D.N.Y. Mar. 15, 2022) (same).  Thus, many federal courts have adhered to the state court holdings.  *See, e.g., Marshall v. Westchester Med. Ctr. Health Network*, No. 22-CV-

9

7990, 2024 WL 665200, at *14 (S.D.N.Y. Feb. 16, 2024) ("'[A] request for reasonable accommodation is not a protected activity for purposes of a retaliation claim' under the NYSHRL." (quoting *Mejia v. City of New York*, No. 17-CV-2696, 2020 WL 2837008, at *13 (E.D.N.Y. May 30, 2020)); *Taulbee v. D'Youville Coll.*, No. 21-CV-228, 2022 WL 363338, at *2 (W.D.N.Y. Jan. 11, 2022) (noting that "New York law does not recognize" NYSHRL retaliation claims based on a request for a reasonable accommodation); *Dipinto v. Westchester County*, No. 18-CV-793, 2020 WL 6135902, at *7 (S.D.N.Y. Oct. 19, 2020) (explaining that "requesting a reasonable accommodation . . . [does not] constitute [a] protected activit[y] under the NYSHRL[,]" and collecting cases); *Piligian v. Ichan Sch. of Med. at Mount Sinai*, No. 17-CV-1975, 2020 WL 6561663, at *11 (S.D.N.Y. Apr. 7, 2020) (stating that "requests for accommodation in the first instance[] . . . do not constitute protected activity" for purposes of NYSHRL retaliation claims), *report and recommendation adopted sub nom. Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707 (S.D.N.Y. 2020).

But other federal courts in this district have reached the opposite conclusion. *See, e.g.*, *Bethea v. Winfield Sec. Corp.*, No. 23-CV-922, 2023 WL 8650004, at *5 (S.D.N.Y. Dec. 14, 2023) (stating—in connection with analyzing the plaintiff's Title VII and NYSHRL retaliation claims—that "[a] pregnant employee's request for a reasonable accommodation can constitute a protected activity" and finding that the plaintiff's accommodation request was "plausibly [pleaded] to have been a request to accommodate conditions caused by her pregnancy" (citation omitted)), *reconsideration granted on other grounds*, 2024 WL 2783753 (S.D.N.Y. May 29, 2024); *Brown v. Metro. Dental Assocs.*, No. 21-CV-851, 2023 WL 5154415, at *9 (S.D.N.Y. Aug. 10, 2023) (noting, in the context of discussing the plaintiff's Title VII and NYSHRL retaliation claims, that "requesting reasonable accommodations for pregnancy" was "certainly" a

10

protected activity); *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 331–32 (S.D.N.Y. 2020) (explaining, in connection with assessing the plaintiff's Title VII and NYSHRL retaliation claims, that protected activity "may [] include requests for reasonable accommodation" and concluding that the plaintiff's alleged accommodation request, which related to her pregnancy, amounted to protected activity).  The Court has explained how these decisions rely on inapposite precedents not about NYSHRL retaliation claims.  *See Medina II*, 750 F. Supp. 3d at 349. Nonetheless, given "'conflicting authority on the issue,'" the Court finds that a "substantial ground for difference of opinion exists." *In re Facebook, Inc.*, 986 F. Supp. 2d at 539–40 (quoting *Capitol Records, LLC*, 972 F. Supp. 2d at 551).

Next, the Court considers the first and third elements.  The first element for a district court to certify an order for interlocutory appeal is that the order "involves a controlling question of law."  28 U.S.C. § 1292(b).  A question of law is "controlling" if it "may importantly affect the conduct of an action." *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (citing *Coopers & Lybrand*, 437 U.S. at 475); *see also Davarci v. Uber Techs., Inc.*, No. 20-CV-9224, 2021 WL 5326412, at *2 (S.D.N.Y. Nov. 15, 2021) (same).  This threshold is easily met "[w]here reversal of the district court's order 'would terminate the action,'" *Quartararo*, 521 F. Supp. 3d at 276 (quoting *Klinghoffer*, 921 F.2d at 24), but the potential termination of litigation upon interlocutory appeal and reversal is not required, *see In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 392 (S.D.N.Y. 2019) ("[T]he resolution of an issue need not necessarily terminate an action to be controlling." (alteration in original) (quoting *Klinghoffer*, 921 F.2d at 24)).

The third element for a district court to certify an order for interlocutory appeal is that "an immediate appeal from the order may materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(b). This requirement, which "primarily concerns judicial efficiency," *In re Aramid Ent. Fund Ltd.*, No. 21-CV-4840, 2022 WL 118293, at *8 (S.D.N.Y. Jan. 12, 2022), "is satisfied 'if that appeal promises to advance the time for trial or to shorten the time required for trial,'" *Ema Fin., LLC v. Vystar Corp.*, No. 19-CV-1545, 2021 WL 5998411, at *3 (S.D.N.Y. Dec. 20, 2021) (quoting *Florio v. City of New York*, No. 06-CV-6473, 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008)). "Courts place particular weight on [this factor]." *Id.* (quoting *Florio*, 2008 WL 3068247, at *1); *see also In re Lehman Bros. Holdings Inc.*, No. 13-CV-2211, 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014) (referring to the "third criterion" as "the most important" (quotation marks omitted)); *S.E.C. v. Gruss*, No. 11-CV-2420, 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012) (referring to the "the third and most important element of the [§] 1292(b) test").

"Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." *Manrique v. State Farm Mut. Auto. Ins. Co.*, No. 21-CV-224, 2022 WL 2384170, at *2 (S.D.N.Y. July 1, 2022) (quoting *In re Gen. Motors*, 427 F. Supp. 3d at 393 (citation omitted)); *see also In re Duplan*, 591 F.2d at 148 n.11 ("[C]ourts have tended to make the 'controlling question' requirement one with the requirement that its determination 'may materially advance the ultimate termination of the litigation'" (citation omitted)); *Pub. Int. Rsch. Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993) ("The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." (quoting 16 C. Wright, A. Miller, E. Cooper, E. Gressman Federal Practice & Procedure § 3930, at 163 (1977))).

Considering the first and third elements together, they weigh against an interlocutory appeal because certification of the issue would not materially advance the termination of the litigation. In fact, "certifying a question of state law to a federal circuit court inherently poses a substantial risk of protracting a litigation." *Espinal v. Sephora USA, Inc.*, No. 22-CV-3034, 2024 WL 4751279, at *4 (S.D.N.Y. Nov. 12, 2024) (internal quotation marks and citation omitted). "The process of appeal to the Second Circuit, followed by its likely certification to the New York Court of Appeals, followed by the possible resolution in that Court of the issue, and followed by remand from the Circuit to this Court, could easily take more than a year." *Id.* Here, Plaintiff requests this exact and time-consuming certification. Plaintiff argues that the holdings of New York state intermediate appellate courts that an accommodation request is not a protected activity under the NYSHRL are wrong—and while federal district courts are bound by those holdings—"the Second Circuit, which, unlike this Court, may directly certify the question to the New York Court of Appeals, will not be so bound." (Pl's Mem. 13.)

By contrast, letting this case proceed to a judgment, after which Plaintiff could appeal an adverse outcome, would not be unnecessarily and overly time-consuming. *See Espinal*, 2024 WL 4751279, at *5 (denying interlocutory review because the plaintiff "has not shown that the incremental cost that it stands to expend by allowing the district court proceedings in this case to run their course justify, or come close to justifying, the burdens posed by interlocutory review"); *Hermès Int'l v. Rothschild*, 590 F. Supp. 3d 647, 657 (S.D.N.Y. 2022) (denying interlocutory review where "the defendant has not carried his burden to prove that these cases are exceptionally numerous, protracted, and expensive such that clarification of the issue is especially warranted"). This case has now been pending for nearly four years. (*See generally* SAC.) A further delay from certification "would be inefficient for the courts involved and unfair

13

to the litigants." *Espinal*, 2024 WL 4751279, at *4 (quoting *Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 70 (D.R.I. 1988)).  Because Plaintiff has not met all three elements for an interlocutory appeal, Plaintiff's § 1292(b) Motion is denied.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion is denied.  The Clerk of Court is respectfully directed to terminate the pending Motion.  (Dkt. No. 62.)

SO ORDERED.

Dated: September 17, 2025
       White Plains, New York

                                         KENNETH M. KARAS
                                         United States District Judge